**2013-21089**

Cause No. ~~2008-31419~~

| | | |
|---|---|---|
| JAMIE MILLER | § | IN THE DISTRICT COURT OF |
| | § § § § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § § | |
| STANDARD FUSEE CORPORATION d/b/a ORION SAFETY PRODUCTS | § § | 55 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JAMIE MILLER brings this lawsuit complaining of STANDARD FUSEE CORPORATION d/b/a ORION SAFETY PRODUCTS and would respectfully show the following:

### I.
### DISCOVERY LEVEL

1. Plaintiff requests discovery be conducted under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure. This case is not subject to Texas Rule of Civil Procedure 169 because the damages for which Plaintiffs seek exceeds $100,00.00.

### II.
### REQUEST FOR DISCLOSURE

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specificall requests the responding party to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2013 APR -9  PM 4:58

CIVIL AFTER HOURS



## III.
## PARTIES

3. Plaintiff JAMIE MILLER is a resident of Houston, Harris County, Texas.

4. Defendant, STANDARD FUSEE CORPORATION, is a foreign corporation organized and existing under the laws of the State of Maryland doing business as Orion Safety Products with its principal office at 28320 Saint Michael's Rd. in Easton, Maryland. Defendant does not maintain a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute, and therefore may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

## IV.
## JURISDICTION

5. The Court has jurisdiction over Defendants because they have either done business in Texas, committed a tort in Texas, and/or have had continuous contacts with Texas. In addition, the damages for which Plaintiff brings suit exceeds the minimal jurisdictional limits of the Court.

## V.
## VENUE

6. Venue is proper in Harris County, Texas because all or a substantial part of the events, actions or omissions giving rise to this claim occurred in Harris County. CIV. PRAC. REM. CODE § 15.002(a)(1).

## VI.
## FACTS

7. Plaintiff Jamie Miller ("Miller) suffered severe, life-altering burns on January 10, 2013 when an Orion flare gun unexpectedly discharged causing third degree burns. The thirty-

seven (37) year old was leaving his house to go fishing when the defective gun unexpectedly fired a 12-gauge flare into his left front pocket. Millers pants, then body, became engulfed in flames as he desperately tried to put out the fire.

8.      Miller was taken to Christus St. Johns Hospital for treatment of his third degree burns. However, due to the severity of his burns, Miller was transported by ambulance to Memorial Hermann Hospital, a facility better suited to treat the burns covering more than 9% of Millers total body and 16% of his lower body.

9.      Miller was forced to undergo several burn-related surgeries. Due to severe infection caused by the burns, his doctors prepared Miller, physically and mentally, for amputation of his leg. Remarkably, the infection subsided and Miller's leg was saved. Miller spent a total of three weeks in the hospital and six (6) days in the intensive care unit and has incurred tens of thousands of dollars in medical expenses, which will continue into the foreseeable future. The burns caused by the flare gun prevent Miller from working in his chosen trade as a welder.

10.     Miller purchased the defective flare gun as a precautionary measure to use as a signal in the event of an emergency while boating and fishing. The potentially deadly flare gun contains no safety or locking mechanism and was designed and manufactured with inadequate hammer and trigger pressure settings. Additionally, the flare gun contained woefully inadequate warnings about the dangers associated with its foreseeable use.

## VII.
## NEGLIGENCE

11.     Defendant owed various duties to Plaintiff, a foreseeable user of Defendant's product. Defendant breached these duties and were negligent in one or more of the following ways:

a. in failing to adequately warn foreseeable users of the inherent risks associated with using its product;

b. in failing to use ordinary care in designing a safe product free of inherent dangers;

c. in failing to supervise and/or carry out inspections of its product to ensure a safe product was manufactured for foreseeable users;

d. in failing to adequately advise foreseeable users on how to properly use its product; and

e. in failing to use ordinary care in selling a safe product for the ultimate user.

12. Defendant's acts and omissions proximately caused Plaintiff's injuries.

## VIII.
## PRODUCTS LIABILITY

13. Defendant designed, manufactured and marketed the Orion flare gun which severely burned Plaintiff. This product was defectively designed, manufactured and marketed by Defendant. The defect or defects made this product unreasonably dangerous for its intended use.

14. Specifically, the lack of a safety switch or locking mechanism on the Orion flare gun constitutes an inadequate design. Further, flare gun's unexpected firing constitutes a manufacturing defect while the inadequate warnings associated with the product constitute a marketing defect.

15. Such defects existed at the time Defendant manufactured and/or sold the product in question. Such defects were the proximate cause of Plaintiff's injuries and damages. Therefore, Defendant is liable to Plaintiffs under strict products liability.

## IX.
## DAMAGES

16. Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate him:

   a. The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

   b. The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

   c. The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

   d. The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

   e. The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

   f. The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

   g. The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future; and

   h. The loss of any earnings sustained by Plaintiff in the past, and the loss or reduction of Plaintiff's earning capacity in the future.

## X.
## EXEMPLARY DAMAGES

17. Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

18. Nevertheless, Defendant proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendant is liable for exemplary/punitive damages.

## XI.
## CONDITIONS PRECEDENT

19. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XII.
## JURY DEMAND

20. Plaintiff assert his rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XIII.
## PRAYER

21. For the above reasons, Plaintiff prays he have judgment against Defendant, with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Certified Document Number: 55267408 - Page 6 of 7

Respectfully Submitted,

THE GIBSON LAW FIRM

_____
Jason A. Gibson
TX State Bar No. 24000606
Clifford D. Peel II
TX State Bar No. 24068776
Andrew C. Smith
TX State Bar No. 24063859
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 7, 2013

Certified Document Number:        55267408 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# THE GIBSON LAW FIRM

April 9, 2013

**FILED**
Chris Daniel
District Clerk
APR 0 9 2013
Time: _____
Harris County, Texas
By _____
Via Hand Delivery

Chris Daniel
Harris County District Clerk
201 Caroline Street
Houston, Texas 77002

55th

2013-21089

Re: *Jamie Miller v. Standard Fusee Corporation d/b/a Orion Safety Products*

Dear Mr. Daniel:

Please find the following enclosed for filing in the above mentioned matter:

1) An original and three (3) copies of Plaintiff's Original Petition;

2) One (1) Civil Process Request Form;

3) One (1) Civil Case Information Sheet; and

3) Our check in the amount of $269.00 to cover filing fee, jury fee, and issuance of the citation fee.

Please return a file stamped copy to the awaiting messenger. Also, as indicated please call our office as soon as the citations are ready for pick-up.

Your prompt attention to this matter is greatly appreciated. Should you have any questions or require any additional information please contact me.

Sincerely,

Kristin Pieknik
Paralegal to Jason A. Gibson

/kp
Enclosures

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2013 APR -9 PM 4:53

CIVIL AFTER HOURS

THE LYRIC CENTER, 440 LOUISIANA STREET, SUITE 2050, HOUSTON, TEXAS 77002
PH: (713) 650-1010    FAX: (713) 650-1011    TOLL FREE: 1-866-JAGFIRM (524-3476)
WWW.JAG-LAWFIRM.COM

CONFIRMED FILE DATE: 4/9/2013
Certified Document Number: 55267414 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 7, 2013

Certified Document Number:        55267414 Total Pages: 1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): **2013-21089**   COURT (FOR CLERK USE ONLY): **55**

STYLED: JAMIE MILLER v. STANDARD FUSEE CORPORATION d/b/a ORION SAFETY PRODUCTS
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

CONFIRMED FILE DATE: 4/9/2013

## 1. Contact information for person completing case information sheet:

**Name:** JASON A. GIBSON
**Email:** JAG@JAG-LAWFIRM.COM
**Address:** 440 LOUISIANA, SUITE 2050
**Telephone:** 713-650-1010
**City/State/Zip:** HOUSTON, TX 77002
**Fax:** 713-650-1011
**Signature:** /s/
**State Bar No:** 24000606

## Names of parties in case:

**Plaintiff(s)/Petitioner(s):** JAMIE MILLER

**Defendant(s)/Respondent(s):** STANDARD FUSEE CORPORATION d/b/a ORION SAFETY PRODUCTS

## Person or entity completing sheet is:

- [ ] Attorney for Plaintiff/Petitioner
- [x] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract:**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

**Foreclosure:**
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage — Assault/Battery:**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [x] Other Product Liability
  List Product: **FLARE GUN**
- [ ] Other Injury or Damage:

**Employment:**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Real Property — Eminent Domain/Condemnation:**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters:**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Other Civil:**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship:**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law:**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D):**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D:**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship:**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**FILED**
Chris Daniel
District Clerk
APR 09 2013
Harris County, Texas
By _____

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

CIVIL AFTER HOURS

## 4. Indicate damages sought (do not select if it is a family law case):

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [x] Over $1,000,000

Certified Document Number: 55267412 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 7, 2013

Certified Document Number:        55267412 Total Pages: 1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**